# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| BRANDON KOLLN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. CIV-14-858-D |
| | ) | |
| RAIL BARGE TRUCK SERVICES, INC., | ) | |
| a Kentucky Corporation, | ) | |
| | ) | |
| Defendant. | ) | |

## O R D E R

Before the Court is the Motion to Intervene of Great American Insurance Company with Proposed Petition for Intervention and Proposed Order [Doc. No. 33]. Plaintiff has filed a Consent to Motion to Intervene [Doc. No. 34]. Defendant, Rail Barge Truck Services, Inc. (Rail Barge), has not responded to the motion and the time for doing so has expired. *See* LCvR 7.1(g).

Great American Insurance Company (GAIC) seeks to intervene in this action "only for the purpose of enforcement of its statutory subrogation interest and lien." *See* Motion at p. 1. Without citation to authority, GAIC states that under Oklahoma law, it is not allowed to participate in the trial of this action and seeks to intervene solely to "participate in any settlement discussions and attend any settlement conferences or court-ordered mediation." *Id*.

## I.  Background

This action arises out of injuries sustained by Plaintiff on or about January 8, 2014, during the course of his employment with Northern Ag Service (Northern Ag). While opening a railroad car containing fracking sand, Plaintiff fell onto a conveyor belt of a Load Master machine used for transporting materials. Plaintiff was pulled into the enclosed metal chute of the Load Master

machine and sustained bodily injuries as a result. Plaintiff Brings claims against Rail Barge, the manufacturer of the Load Master, for negligent design and products liability.

According to the allegations of the proposed Complaint for Intervention [Doc. No. 33-1], GAIC is Northern Ag's workers' compensation insurance carrier. GAIC has paid in excess of $75,000 in medical expenses and indemnity benefits as a result of Plaintiff's injuries. GAIC alleges that Plaintiff has elected to take workers' compensation under the Oklahoma Workers' Compensation Act and has assigned his cause of action to GAIC in the form of a subrogation interest. GAIC alleges that pursuant to Okla. Stat. tit. 85, § 44(a) it is entitled to reimbursement from Rail Barge for all sums paid to its insured under the Oklahoma Workers' Compensation Act.

## II. Discussion

In its Motion, GAIC does not address the requirements of Fed. R. Civ. P. 24 governing intervention. Rule 24(a) permits a party to intervene as of right in two circumstances: (1) when the party "is given an unconditional right to intervene by a federal statute," or (2) when the party "claims an interest relating to the property or transaction that is the subject of the action, and is so situated that disposing of the action may as a practical matter impair or impede the movant's ability to protect its interest, unless existing parties adequately represent that interest." Fed. R. Civ. P. 24(a).

GAIC has not identified any federal statute that gives it an unconditional right to intervene. As stated, GAIC identifies only Oklahoma law as grounds for intervention. Therefore, the Court addresses whether intervention as of right is permitted under Rule 24(a)(2).

A movant may intervene as a matter of right if: "'(1) the [motion] is timely, (2) the [movant] claims an interest relating to the property or transaction which is the subject of the action, (3) the [movant's] interest may be impaired or impeded, and (4) the [movant's] interest is not adequately

2

represented by existing parties.'" *Oklahoma ex rel. Edmondson v. Tyson Foods, Inc.*, 619 F.3d 1223, 1231 (10th Cir. 2010) (*quoting Elliott Indus. Ltd. P'ship v. BP Am. Prod. Co.*, 407 F.3d 1091, 1103 (10th Cir.2005)).

GAIC cites Okla. Stat. tit. 88, § 44(a) as the basis for intervention. In 2011, the Oklahoma Legislature replaced the Oklahoma Workers' Compensation Act with the Workers' Compensation Code. Section § 44(a) was repealed and replaced with Okla. Stat. tit. 85, § 348.[1] Section 348 provides for both statute-based recoupment and subrogation. Subdivision (a) cited by GAIC governs recoupment while subdivision (c) governs subrogation. *See ACCOSIF v. American States Ins. Co.*, 1 P.3d 987, 992-93 (Okla. 2000) (addressing rights of insurance carrier under respective subdivisions); *see also Frank's Tong Service v. Lara*, 298 P.3d 539, 542-43 (Okla. Civ. App. 2012) (same). Thus, while GAIC states its seeks to enforce a subrogation interest, it cites the statutory provision governing recoupment.

Under either provision, however, the Court finds GAIC has not established intervention as a matter of right is proper. GAIC's interests are adequately represented by Plaintiff. GAIC's rights to recoupment or subrogation are wholly dependent upon Plaintiff's ability to recover in this action. Moreover, GAIC has not demonstrated its interest may be impaired or impeded absent intervention. And, under Oklahoma law, GAIC's interests are adequately protected.

Indeed, the only reason offered by GAIC in support of its motion is an assertion that GAIC's intervention will "facilitate the settlement of this case." GAIC's reason is an insufficient basis for

---

[1] The Oklahoma Legislature then repealed Okla. Stat. tit. 85, §348. The current Workers' Compensation Act, *see* Okla. Stat. tit. 85A, §§1 *et seq.,* only governs claims based on accidents occurring after the effective date of the Act, February 1, 2014. Therefore, the claims at issue are governed by Okla. Stat. tit. 85, § 348. The provisions of section 348 are substantively the same as Okla. Stat. tit. 88, § 44(a), the predecessor provision cited by GAIC.

3

intervention under the requirements of Fed. R. Civ. P. 24(a). For these same reasons, to the extent GAIC seeks permissive intervention pursuant to Fed. R. Civ. P. 24(b), GAIC alleges no facts to demonstrate it can only facilitate settlement by becoming a party. *Compare McGinnis v. United Screw & Bolt Corp.*, 109 F.R.D. 532, 535 (E.D. Pa. 1985) (contention that workers' compensation insurance carrier's presence in action might facilitate settlement did not warrant permissive intervention; insurance carrier could participate without formal intervention and there were no allegations that the parties had impeded its efforts to stay informed about the litigation and/or any settlement negotiations).

Because GAIC has failed to show that its interest may be impaired or impeded or that its interest is not adequately represented by Plaintiff, the Court finds GAIC's motion to intervene should be denied.

IT IS THEREFORE ORDERED that the Motion to Intervene of Great American Insurance Company with Proposed Petition for Intervention and Proposed Order [Doc. No. 33] is DENIED.

IT IS FURTHER ORDERED that Plaintiff's Motion to Strike Entries of Appearance [Doc. No. 32] is DENIED as moot.

IT IS SO ORDERED this 15th day of January, 2015.

TIMOTHY D. DeGIUSTI
UNITED STATES DISTRICT JUDGE